JANIE RAYE RICE, minor, by BERNICE RICE, mother and next friend, appellee, v. ELMER MESSINGHAM et ux., appellants.

No. 48203.

(Reported in 55 N.W.2d 925)

DECEMBER 16, 1952.

Beecher & Beecher, of Waterloo, for appellants.

Pike, Sias, Butler & Hoxie, of Waterloo, and Cherny & Cherny, of Independence, for appellee.

MANTZ, J.—This is a child custody case. Bernice Rice, mother of her three-year-old minor daughter, Janie Raye Rice, brought action by habeas corpus to obtain her custody from Elmer and Grace Messingham, uncle and aunt of Bernice Rice. The writ was sustained and defendants appeal.

I. Before taking up the legal phases of the controversy we will briefly refer to some of the pertinent facts. For convenience we will refer to Bernice Rice, the mother of the minor child, as the plaintiff herein.

Bernice Rice, twenty-nine years old, was married to Robert O. Rice on July 14, 1945. Both were students at Coe College. Plaintiff was then taking nurse's training. After their marriage

and while her husband was in the air corps she went with him as he traveled from place to place. After being discharged at San Antonio, Texas, they returned to Waterloo, Iowa, where their first child, Patricia Ann, was born on November 2, 1946. Later they moved to Davenport where Rice was working for a construction company. On March 16, 1948, he was killed in a railway crossing accident. Plaintiff at that time was pregnant with Janie Raye, the child in controversy. As the result of her husband's death plaintiff received from the railroad and insurance $4500, and from her deceased husband's fellow employees enough to pay the funeral expenses.

From the time of the death of her husband until after the birth of Janie Raye, the plaintiff and Patricia Ann lived with her parents at Rowley, Iowa. Plaintiff desired to finish her nurse's training and after some discussion with the defendants agreed to leave Janie Raye with them on a sort of temporary basis. The nature of this arrangement or agreement is the principal controversy herein. She visited the child almost weekly at defendants' home, except during a three-month period in Cincinnati and in St. Louis where she was taking special nurse's training. The monthly social security payments of $18 at first and later $35 were regularly turned over to defendants to pay for the care and keep of the child. The older child went with plaintiff. While in Cincinnati she received from Beecher & Beecher, attorneys for defendants, adoption papers for the child. That was in November 1949. She refused to sign. Later and on November 11 or 12 the defendants, with Janie Raye with them, came to where plaintiff was working at the hospital and defendant Elmer Messingham told plaintiff that he had adoption papers in his pocket and that she had to sign them. She denied the request and refused to sign. During the remainder of the year and until April 1, 1951, she cared for her injured parents at Rowley, Iowa, in their home. On April 1, 1951, she returned to Davenport and was employed as a surgical nurse in Mercy Hospital and on October 1, 1951 was employed by the Bendix Aviation corporation as an industrial nurse at a salary of $222.50 per month, subject to automatic increases. At the time of the trial plaintiff owned and lived in a modern trailer costing $4500, fully paid for and equipped with bathroom, shower, sink and modern

and comfortable furniture, in a modern trailer court. The older child lives with her and attends school.

In September 1951 there arose difficulty and controversy between plaintiff and the defendants over the minor child. Her demand for the custody was refused and this action was brought. As above stated the trial court awarded plaintiff the custody of the child under the statute; also, on the ground that it was for the best interests of the child to be with plaintiff and her sister.

In substance, the defendants claimed that the plaintiff by oral agreement had agreed with them that if they would take the child into their home and care for her, she, the plaintiff, would consent to an adoption by the defendants. They claimed they had carried out such agreement and were thereby entitled to the custody of such child. Plaintiff denies such claim and insists that the arrangement was merely temporary.

In its conclusions of law the court found that the defendants had failed to meet the burden of proof placed upon them and decreed that plaintiff, mother of Janie Raye Rice, a child over three years of age, was a fit and proper person to have the custody of her child and has a fit and proper place for the child; that it is for the best interest and welfare of Janie Raye Rice that she be in the custody of her mother. The court found that the defendants had no lawful right to the custody of Janie Raye Rice and are wrongfully and unlawfully detaining her in their custody.

II. Defendants in their appeal set out three errors which they claim the court committed. In some respects said claims overlap and our discussion in some parts will apply to all of them. Boiled down they revolve around the nature of the arrangement or agreement whereby the defendants took the child into their home; also, the best welfare of the child.

With the above in mind we will discuss them in the order set out in their brief.

III. The first error urged was that the evidence shows there was an oral agreement between defendants and plaintiff whereby and wherein the plaintiff agreed to surrender and the defendants agreed to accept permanent custody of Janie Raye Rice, the execution of such agreement, and to permit defendants to adopt said child.

 The trial court expressly found that the defendants had failed to sustain the burden of such contention. We have examined the record and agree with the trial court. Along with a consideration of this claim are necessarily involved the welfare of the child and the custodial rights of its mother. She expressly denied any such agreement and the court decided in her favor. We are of the opinion that the record shows that defendants have not carried the necessary burden. Further, regardless of such required burden, the evidence, facts and circumstances show otherwise. The court did not err.

 IV. The next error urged is that the court should have placed the burden upon plaintiff to show repudiation of the claimed contract and that it erred in placing the burden on the defendants. We are of the opinion that the court rightly placed such burden upon them. See McFarland v. Taylor, 214 Iowa 417, 239 N.W. 702; Allender v. Selders, 227 Iowa 1324, 291 N.W. 176; Adair v. Clure, 218 Iowa 482, 255 N.W. 658; Winter v. Winter, 184 Iowa 85, 166 N.W. 274; Ellison v. Platts, 226 Iowa 1211, 1215, 286 N.W. 413.

The defendants have cited and rely upon the case of Bonnett v. Bonnett, 61 Iowa 199, 16 N.W. 91, 47 Am. Rep. 810. That was a habeas corpus case. There was a controversy over the custody of a small child. It was claimed that there was an agreement such as is claimed in the instant case. There the court found in favor of the grandparents. The court held that such a finding in a habeas corpus was final.

 V. The last error urged was that the best interests and welfare of the minor would be served by awarding her custody to the defendants.

In its findings of fact the trial court in reviewing the evidence found that plaintiff was well able to care for the child; that she loves her; that she should be reared with her sister. The evidence reviewed shows that plaintiff is a woman of estimable character, highly trained and competent to care for her child properly. On the other hand the trial court found that the defendants have a good comfortable home and are well able to give the child a good rearing and are much attached to her. The court found that Grace Messingham, one of the defendants, is a very respectable person, loves the child and is much attached to

her, and that she would give her proper care. However, the trial court in its findings called attention to the fact that defendant Elmer Messingham is fifty-seven years of age; that for a time he operated a beer tavern in Waterloo until he lost his license for selling beer to minors; that in 1939 he was convicted of driving an automobile while intoxicated and upon appeal said conviction was affirmed and he served a ninety-day jail sentence; also, that his beer drinking had become worse and on one occasion when Janie Raye was two years old he gave her beer. We think it unnecessary to set out further from the record or to cite further authorities.

In balancing the conflicting claims the natural claims of blood should not be disregarded or lightly cast aside. Regardless of the legal rules as to the burden of proof, we hold that the evidence shows that this mother is fully ready, able and willing to take this child into her home and give her the love, affection and training which should be the lot of every child. To the call of nature she appreciates her responsibilities, and to deprive her of her natural desire, in our judgment, requires a much stronger showing than that of this case.

We hold that the trial court was right, the writ is sustained, and the child, Janie Raye Rice, is awarded to the custody of the plaintiff, Bernice Rice.—Affirmed.

All JUSTICES concur.